UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MOSCOU,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>et al.,<br><br>    Defendants. | Civil Action No. 22-3125 (CKK) |

## ANSWER

Defendants Federal Bureau of Investigation ("FBI") and U.S. Department of Justice ("DOJ"), by and through the undersigned counsel, respond as follows to the separately numbered paragraphs and prayer for relief in Plaintiff James Moscou's Complaint, ECF No. 1, in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (a) correctly cited or quoted by Plaintiff, (b) relevant to this action, or (c) admissible in this action. For ease of reference, this Answer replicates the headings contained in the Complaint. Although Defendants believe such headings require no response, to the extent a response is deemed required and those headings and titles could be construed to contain factual allegations, those allegations are denied.

## COMPLAINT

1.      Defendants admit that Plaintiff brings a suit under the Freedom of Information Act ("FOIA"), that Plaintiff submitted a request for emails from a three-week period containing eight keywords, that the FBI investigated Justice Kavanaugh, that Justice Kavanaugh is a public figure, and that the FBI refused to confirm or deny that existence of the records requested. Defendants deny the remaining allegations in Paragraph 1.

### PARTIES

2.      Paragraph 2 is Plaintiff's characterization of himself and requires no response. Defendants admit that his counsel submitted a FOIA request on his behalf.

3.      Defendant FBI admits that it is a component of the DOJ and is subject to FOIA but denies that it is a proper party defendant within the meaning of 5 U.S.C. § 552(f)(1). DOJ is the proper party defendant.

4.      Defendants admit the allegations in Paragraph 4.

### JURISDICTION AND VENUE

5.      Defendants admit the allegations in Paragraph 5.

6.      Defendants admit the allegations in Paragraph 6.

### AUGUST 29, 2022 FOIA REQUEST

7.      Defendants admit that on August 29, 2022, Plaintiff submitted a FOIA request to the FBI and the language quoted in Paragraph 7 is what was in the request.

8.      Defendants admit the allegations in Paragraph 8.

9.      Defendants admit that the FBI sent an acknowledgement letter to Plaintiff on September 6, 2022. Defendants deny the characterization of the letter, which speaks for itself.

10.      Defendants deny the characterization of the letter as a "denial letter." Defendants admit the remaining allegations in Paragraph 10.

11.     Defendants admit the allegations in Paragraph 11.

12.     Paragraph 12 states a legal conclusion to which no response is required.

13.     Defendants admit the allegations in Paragraph 13.

14.     Defendants admit the allegations in Paragraph 14.

15.     Defendants admit only that as of the date of filing, OIP had not issued a final adjudication of Plaintiff's administrative appeal. Defendants aver that on September 21, 2022, in response to an inquiry by Plaintiff, OIP provided an estimated date of completion of October 31, 2022.

16.     Defendants deny the allegations in Paragraph 16.

**COUNT I – AUGUST 29, 2022 FOIA REQUEST**
**DEFENDANTS' FOIA VIOLATION:**
**FAILURE TO CONDUCT A REASONABLE SEARCH**

17.     Defendants' prior responses are hereby incorporated by reference.

18.     Defendants admit that Plaintiff submitted a FOIA request for the disclosure of agency records. Whether the request was properly made is a legal conclusion, to which no response is required.

19.     Defendants admit the allegations in Paragraph 19.

20.     Defendants deny the allegations in Paragraph 20.

21.     Defendants deny the allegations in Paragraph 21.

**COUNT II – AUGUST 29, 2022 FOIA REQUEST**
**DEFENDANTS' FOIA VIOLATION: FAILURE TO PRODUCE RECORDS**

22.     Defendants' prior responses are hereby incorporated by reference.

23.     Defendants admit that Plaintiff submitted a FOIA request for the disclosure of agency records. Whether the request was properly made is a legal conclusion, to which no response is required.

24.     Defendants admit the allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required; to the extent a response is required, Defendants deny that Plaintiff is entitled to relief.

## DEFENSES

### FIRST DEFENSE

Defendants' actions did not violate FOIA or any other statutory or regulatory provision.

### SECOND DEFENSE

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable FOIA exemptions, the release of which records would foreseeably harm an interest the exemption protects. Plaintiff is also not entitled to production of records protected from disclosure by one or more applicable FOIA exclusions.

### THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs under 5 U.S.C. § 552(a)(4)(A)(iii).

### FOURTH DEFENSE

Defendant FBI is not a proper party, as it is not an agency within the meaning of 5 U.S.C. § 552(f)(1). DOJ is the proper party-defendant.

### FIFTH DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceeds the relief authorized by FOIA.

* * *

WHEREFORE, having fully answered the Complaint, Defendant asserts that Plaintiff is

not entitled to the requested relief and respectfully asks that the Court enter judgment dismissing

this action with prejudice and awarding Defendant such further relief as the Court may deem

appropriate.

Date:   December 14, 2022
        Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   */s/ Sam Escher*
      Sam Escher, D.C. Bar No. 1655538
      Assistant United States Attorney
      601 D Street, N.W.
      Washington, D.C. 20530
      (202) 252-2531
      Sam.Escher@usdoj.gov

Attorneys for the United States of America